UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HAROLD GLENN LORA,

Plaintiff,

v. Case No. 2:25-cv-967-SPC-NPM

LEE COUNTY JAIL, et al.,

Defendants.

---

**ORDER**

Plaintiff Harold Glenn Lora, *pro se*, filed this civil rights action alleging he was denied medical care while confined at the Lee County Jail in Fort Myers, Florida. (Doc. 1). The Court has granted Lora's application for leave to proceed *in forma pauperis*. (Docs. 10, 12). The action is now before the Court for screening under 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii). However, because Lora might state a claim with a more carefully drafted complaint, he will be granted leave to file an amended complaint within 21 days. This is his one final opportunity to do so.

**Legal Standards**

When a plaintiff applies to proceed *in forma pauperis*, the court must dismiss the case if the court determines at any time (A) that the allegation of poverty is untrue, or (B) that the action (i) "is frivolous or malicious," (ii) "fails to state a claim on which relief may be granted," or (iii) "seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. *Pro se* pleadings are liberally construed. *Dimache v. Brown*, 783 F.3d 1204, 1214 (11th Cir. 2015). Nevertheless, a court "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

**Background**

Lora's complaint alleges as follows: He was taken into custody by the Lee County Sheriff and held at the Lee County Jail from August 30, 2025, through September 24, 2025. During that time, he was not given "life sustaining medications" previously prescribed to him by his doctors for chronic health and heart conditions, spinal stenosis, and anxiety. Specifically, he claims his

medications were changed, doses were eliminated, and others were not given at all. As a result, he claims to have suffered emotional distress, physical nerve pain in his neck, back, lower back, and legs, and elevated anxiety.

Lora has sued defendants he identifies as (1) "Lee County Jail – Physician," (2) the Lee County Sheriff, and (3) the "Lee County Jail Nursing Staff." (Doc. 1 at 2-3, § II(B)). All are sued in their official capacity only. (*Id.*) Lora brings claims under 42 U.S.C. § 1983 alleging violation of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Lora also invokes the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (the "ADA"), and unspecified state regulations. The only relief Lora demands is damages.

## Discussion

### A. Section 1983 Claims

Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives someone of a federal constitutional or statutory right. 42 U.S.C. § 1983. "To state a claim under this statute, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Andre v. Clayton Cnty., Ga.*, 148 F.4th 1282, 1291 (11th Cir. 2025).

Pretrial detainees have a right under the Due Process Clause of the Fourteenth Amendment to medical care for their illnesses and injuries. *Taylor v. Hughes*, 920 F.3d 729, 732-33 (11th Cir. 2019). A plaintiff can state

a § 1983 due process claim in this context based on allegations showing (1) he had a "serious medical need," (2) the defendant exhibited "deliberate indifference to that need," and (3) causation between the defendant's indifference and the plaintiff's injury.[1] *Id.* at 733.

**1. § 1983 Claim Against the Lee County Sheriff**

The most specifically identified defendant in the complaint is the Lee County Sheriff. The Court judicially notices that is Carmine Marceno. *See* https://www.sherifffleefl.org/sheriff/ (last visited October 1, 2026); *Brown v. Piper*, 91 U.S. 37, 42 (1875) (approving the taking of judicial notice of the appointment of sheriffs). Lora sues Sheriff Marceno in his official capacity only. A suit against a municipal officer in his official capacity is effectively a suit against the government entity the officer represents. *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty.*, 402 F.3d 1092, 1115 (11th Cir. 2005). Lora's suit against Sheriff Marceno is therefore effectively against Lee County. *See Ireland v. Prummell*, 53 F.4th 1274, 1288 (11th Cir. 2022).

However, there is no vicarious liability under § 1983. *Monell v. New York City Dep't of Social Serv's*, 436 U.S. 658, 694-95 (1978). Where the defendant is a municipality, including a county, it can be liable under § 1983

[1] Lora claims the failure to provide his medications also violated the Fourth and Eighth Amendments. The Fourth Amendment protects against unreasonable searches and seizures, but it has no application to a denial of medical care to inmates in jail detention. *See Dimaio v. Jacksonville Sheriff's Off.*, No. 3:20-CV-984-J-39MCR, 2020 WL 6505035, at *2 (M.D. Fla. Nov. 5, 2020). The Eighth Amendment's Cruel and Unusual Punishments Clause can support a § 1983 claim for deliberate indifference to the serious medical needs of a person in state custody, but the provision applies only after a criminal conviction, not to pretrial detention. *See Taylor*, 920 F.3d at 732-33. The Complaint therefore fails to state a claim under the Fourth or Eighth Amendment.

"in only three situations: first and second, when execution of a government's (a) policy or (b) custom inflicts the injury the plaintiff suffered, and third, when a municipal official with final policy-making authority in the area of the act or decision makes the challenged act or decision." *Smothers v. Childers*, 159 F.4th 922, 930–31 (11th Cir. 2025).

Lora does not identify any wrongful conduct by Sheriff Marceno personally, either with respect to the failure to provide prescription medication or otherwise. Nor does Lora identify any custom or policy attributable to either Sheriff Marceno or Lee County that caused him harm. Therefore, Lora does not state a § 1983 claim against Sheriff Marceno.

**2. § 1983 Claim Against the "Lee County Jail - Physician" and "Lee County Jail Nursing Staff"**

Lora also brings claims against defendants he identifies as "Lee County Jail – Physician," and "Lee County Jail Nursing Staff." (Doc. 1 at 2, § II(B), Dft. No. 2). Federal Rule of Civil Procedure 10(a) requires the complaint to "name all the parties." As a general matter, fictitious-party pleading is not permitted in federal court. *Richardson*, 598 F.3d at 738. However, the Eleventh Circuit recognizes a limited exception to the general rule when the plaintiff's description of an unnamed defendant is specific enough to allow service of process on that defendant. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992).

Lora identifies these defendants by their positions, but he does not allege any identifiable interaction with a physician or nurse, nor does he give any

physical or other particularized descriptions. Because Lora's identification would not allow service of process on these defendants, Lora fails to state a claim. *See Richardson*, 598 F.3d at 738.

The Court further notes Lora has sued these defendants in their official capacities only. Therefore, his claim is effectively against the government or corporate entity the physician and nurses represent. *Cook*, 402 F.3d at 1115. However, Lora does not allege what that entity is. But whatever the entity, to establish official capacity liability under § 1983, Lora would have to plead and prove the failure to provide his prescription medication violated due process and that such failure was caused by a policy or custom of the entity. *See Ireland*, 53 F.4th at 1288-89. The complaint does not contain such an allegation, so Lora fails to state an official capacity § 1983 claim against the unnamed physician and nurses on this basis as well.

**B. Claims Under the Americans with Disabilities Act**

Lora next invokes the ADA–presumably Title II, which prohibits public entities from discriminating against qualified individuals with disabilities. *See* 42 U.S.C. § 12132. This provision applies to public entities operating prisons and jails. *See Christmas v. Nabors*, 76 F.4th 1320, 1333 (11th Cir. 2023). Individuals and private entities, however, are not subject to liability under Title II. *Brennan v. Thomas*, 780 F. App'x 813, 822 (11th Cir. 2019) (citing *Edison v. Douberly*, 604 F.3d 1307, 1308 (11th Cir. 2010)). Vicarious liability is also unavailable. *Ingram v. Kubik*, 30 F.3d 1241, 1259 (11th Cir.

2022), *abrogated on other grounds by Case v. Montana*, 607 U.S. 107 (2026), *as recognized in Marbut v. Phillips*, 176 F.4th 1256, 1264 (11th Cir. 2026).

To prevail on a Title II claim, a plaintiff must plead and prove:

> that (1) he is a qualified individual with a disability; (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefit, or discrimination was by reason of the disability.

*Lewis v. Sheriff, Fulton Cnty. Georgia*, 166 F.4th 107, 114 (11th Cir. 2026) (internal quotation marks, brackets, and citation omitted).

Lora demands only money damages, and he is no longer confined at the Lee County Jail, so any potential claims for prospective injunctive relief would be moot. *See Lewis*, 166 F.4th at 115–16. To recover money damages on a Title II claim, a plaintiff must also plead and prove intentional discrimination. *Id.* at 114. To meet the intentional discrimination standard, the plaintiff must establish that the defendant acted with "deliberate indifference"—in other words, that the defendant is "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the entity's behalf and had actual knowledge in the entity's programs and failed to adequately respond." *Id.*

Again, the only defendant Lora sufficiently identifies in the Complaint is Sheriff Marceno, sued in his official capacity. Even if Lora could meet the first three elements of a Title II ADA claim, he does not allege facts suggesting that Sheriff Marceno discriminated against Lora because of a disability or had

actual knowledge that anyone at the jail did so. Accordingly, Lora fails to state a claim under Title II of the ADA. *See Lewis*, 166 F.4th at 114–15.

**C. Claims Under "State Regulations"**

Finally, Lora contends that the denial of his prescription medications violated state regulations. Lora does not identify any such regulations, their substance, or how they were violated. Even if he did, "Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive the plaintiff of a federal right." *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002). Alleged violations of unidentified state regulations do not state a claim under § 1983.

**D. Leave to Amend**

Where a more carefully drafted complaint might state a claim, a *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). If Lora files an amended complaint, he must name as defendants the specific officials who caused him harm and whether they are sued in their official capacity, individual capacity, or both. Again, neither 42 U.S.C. § 1983 nor Title II of the ADA allows claims based on vicarious liability. Also, an amended complaint must comply with Federal Rule of Civil Procedure 10, which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This rule is important. It enables defendants

to respond to each factual claim, which alerts the Court and the parties to the factual claims that are in dispute.

Based on the foregoing, it is

**ORDERED:**

(1) Plaintiff Harold Glenn Lora's complaint (Doc. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted.

(2) Lora may file an amended complaint within 21 days of this order. Otherwise, the Court will enter judgment and close this case without further notice.

(3) The Clerk is **DIRECTED** to send Lora a civil-rights complaint form.

**DONE** and **ORDERED** in Fort Myers, Florida, on October 1, 2026.

Sheri Polster Chappell

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-3
Copies: All Parties of Record